IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD GOODE | : CIVIL ACTION |
| | : |
| v. | : |
| | : No. 13-6568 |
| LOUIS GIORLA, et al. | : |

**MEMORANDUM**

Ludwig, J.                                                                                                  May 30, 2014

This is a prisoner civil rights case. 42 U.S.C. 1983. Jurisdiction is federal question. 28 U.S.C. 1332. According to the complaint, plaintiff Ronald Goode, a pretrial detainee at Curran-Fromhold Correctional Facility, was deprived of his Eighth and Fourteenth Amendment rights when defendants (1) sold him a cheap toothbrush and refused to provide him with dental floss, increasing his risk of bad breath and future dental problems; (2) stored mail on a prison officer's desk because all mail boxes were broken, leaving mail vulnerable to loss or theft; and (3) did not enforce Hazmat Safety rules with respect to cleaning materials, leaving disinfectants available to inmates, and possibly creating a dangerous situation. Complaint, 1-3, doc. no. 1[1] Defendants move to dismiss the complaint and the motion will be granted for the following reasons.[2]

---

[1] Defendants are Louis Giorla, Commissioner of the Philadelphia Prison System, Michelle Farrell, Warden of Curran-Fromhold, Frank Abello, Deputy Warden in charge of security at Curran Fromhold. The complaint does not state when plaintiff was incarcerated at Curran-Fromhold or when these alleged violations occurred. However, in addition to his complaint and response to defendants' motion, plaintiff has filed a request to submit evidence in this action. *See* doc. no. 12. The evidence consists of three grievances raising the conditions at issue in this case filed by plaintiff and addressed by defendant Farrell in November 2013.

[2] "To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim. . . . [T]his plausibility standard requires 'more than a sheer possibility that a defendant has acted unlawfully.'" Williams v. Giorla, 2013 WL

Plaintiff's claims must be dismissed because, although plaintiff objects to certain conditions in the Philadelphia Prison System, his complaint does not allege that he has been injured as a result of any of these conditions. Because he has not sustained an injury, his claims are not ripe for determination. *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462-63 (3d Cir. 1991) (ripeness centers on whether an injury has occurred yet) (citations omitted).

Plaintiff's claims must be dismissed for the additional reason that the conditions complained of do not rise to the level of a constitutional deprivation.[3] "The Eighth Amendment's prohibition on 'cruel and unusual punishment' restrains prison officials from certain actions (e.g., the use of excessive force against prisoners), and imposes on them a duty to provide 'humane conditions of confinement.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) citations omitted). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must 'result in the denial of the minimal civilized measure of life's necessities.'" *Betts*, at 256 (citations omitted). These include food, clothing, shelter, medical care and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

---

3982348, at *3 (E.D. Pa., Aug. 2, 2013), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When evaluating the complaint, the district court must identify the elements of the claim, review the complaint and strike conclusory allegations, then evaluate the well-pleaded facts in the complaint to determine whether the elements of the claim are sufficiently alleged. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

[3] Courts analyzing § 1983 cases brought by pretrial detainees apply the same standard as is applied in Eighth Amendment cases. *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991).

Here, plaintiff complains about the quality of his toothbrush and the lack of dental floss, but does not allege that he has been deprived of dental care. He does not like where mail is stored, but does not allege that his mail has been interfered with, or that he has been denied access to his mail. He does not believe cleaning solutions are handled safely, but does not allege that this has resulted in any incident that may have deprived him of any rights. These complaints do not constitute a "denial of the minimal civilized measures of life's necessities." As a result, plaintiff's claims must be dismissed.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.